**Herlim ARIS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–4659.

United States Court of Appeals, Second Circuit.

Feb. 15, 2005.

**434**

Helen Wang, Philadelphia, PA, for Petitioner.

Victor L. Hou, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Kathy S. Marks, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

* The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

PRESENT: WALKER, Chief Judge, HALL, and JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Petitioner Herlim Aris seeks review pursuant to 8 U.S.C. § 1252 of an October 1, 2002 order of the Board of Immigration Appeals ("BIA") affirming without opinion an October 11, 2001 decision by an immigration judge ("IJ") that denied Aris's applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Where the BIA has affirmed without opinion, we review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). On appeal, Aris argues that the IJ erred in finding that he had failed to demonstrate either past persecution or a well-founded fear of future persecution as a Sino–Indonesian Christian.

We note initially that the permanent provisions of IIRIRA ** govern our review because deportation proceedings against Aris commenced after April 1, 1997. Under that statute we defer to an IJ's factual findings provided they are supported by "substantial evidence" in the record. *See Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004) (IIRIRA codifies "substantial evidence" test). Challenges to an IJ's factual findings merit reversal "only if no reasonable fact-finder could have failed to find ... past persecution or fear of future persecution." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted, alteration in original).

Upon review of the record, we find that substantial evidence supports the IJ's determination that Aris did not have a well-founded fear of persecution. It was rea-

** Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009.

sonable for the IJ to conclude that although Aris was the victim of crime and was threatened with regard to his business, he had not demonstrated past persecution on the basis of his religion or ethnicity. *See Abdille v. Ashcroft*, 242 F.3d 477, 494–95 (3d Cir.2001). Moreover, the IJ's conclusion that conditions in Indonesia have substantially changed was supported by the State Department's Country Report 2000, which reported that "[r]acially motivated attacks against Sino–Indonesians have dropped sharply since mid–1998." Finally, the IJ based its decision on the fact that Aris's mother and two of his daughters have remained in Indonesia since the events at issue took place, without apparent incident. We have previously found such evidence "cuts against" a finding of a well-founded fear of persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999). The record thus provides substantial evidence supporting the IJ's conclusion that Aris has not demonstrated either past persecution or a well-founded fear of future persecution.

Because Aris failed to sustain an asylum claim, he necessarily failed to meet his greater burden of proof on his withholding of removal claim. *Chen*, 344 F.3d at 275. He also cannot show that it is "more likely than not" that he will be subject to torture upon his return, and thus cannot properly claim relief under CAT. *Wang v. Ashcroft*, 320 F.3d 130, 133–34 (2d Cir.2003).

We have carefully considered all of petitioner's contentions and find them to be without merit. Therefore, the petition is DENIED and the decision of the Board of Immigration Appeals is hereby AFFIRMED.